IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVAN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1753 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

A homeowner sued a mortgage servicing company to prevent foreclosure. (Docket Entry No. 1-4 at ¶ 1). After removal to federal court, the court dismissed because the homeowner failed to prosecute. (Docket Entry No. 8). The company counterclaimed to quiet title, and the homeowner neither answered nor responded to this summary judgment motion. (Docket Entry Nos. 13, 14). Based on a careful review of the record, the motion, and the applicable law, the court grants the motion, for reasons set out below.

**I.  Background**

In November 2003, Doris Hicks, now deceased, signed a deed of trust entitled a Texas Home Equity Security Instrument on property in Houston, Texas. (Docket Entry No. 14 at ¶¶ 4, 6; Docket Entry Nos. 14-2, 14-3).[1] Select Portfolio was the mortgage servicer and attorney in fact acting on behalf of the trustee of the deed.[2] (Docket Entry No. 13 at ¶¶ 12–13; Docket Entry No.

---

[1] The mortgage was recorded much later, in November 2015, in the real property records of Harris County, Texas. (Docket Entry No. 13 at ¶ 5).

[2] The identity of the trustee is as follows: U.S. Bank National Association, N.A. as Trustee, Successor in Interest to Bank of America, National Association as Trustee, Successor by Merger to LaSalle

14 at ¶ 6; Docket Entry No. 14-5). The trustee is the current owner and holder of the Texas Home Equity Note through assignment. (Docket Entry No. 14 at ¶ 8; Docket Entry No. 14-4). In February 2016, Williams filed an affidavit of adverse possession in Harris County, stating that he "continuously and adversely possessed the above described property since February 19, 2016 to the exclusion of all others" and asserting that "this [was] [his] personal dwelling by adverse possession." (Docket Entry No. 13-1 at 1).

In March 2019, after the borrower on the deed failed to make payments, the trustee obtained judicial authorization to foreclose. (Docket Entry No. 4-1 at 9–13; Docket Entry No. 14 at ¶ 5). In May 2019, Williams sued Select Portfolio in Texas state district court, obtaining a temporary restraining order enjoining Select Portfolio from proceeding with the foreclosure on the trustee's behalf. (Docket Entry No. 1-5).

Select Portfolio timely removed on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a). (Docket Entry No. 1). Williams is a citizen of Texas and Select Portfolio is incorporated and has its principal place of business in Utah. (*Id.* at ¶¶ 7, 8). The amount in controversy exceeds $75,000—Williams sought monetary damages of over $1,000,000, and the Harris County Appraisal District values the property at "no less than $140,652." (*Id.* at ¶¶ 10–12, 14; Docket Entry No. 1-4 at ¶ 32). In August 2019, Select Portfolio moved for leave to file a counterclaim, but by the end of the month, the case was dismissed without prejudice for lack of prosecution and for Williams's failure to comply with court orders and attend the initial scheduling conference. (Docket Entry Nos. 2, 4, 7, 8).

In September 2019, Select Portfolio asked the court to reopen so that it could advance its counterclaim against Williams and resolve the property title. (Docket Entry No. 9 at 2). Though

---

Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-2 ("the trustee"). (Docket Entry No. 14 at ¶ 4).

Williams's claims are still dismissed, the court reopened the case in November 2019, to entertain Select Portfolio's counterclaim. (Docket Entry Nos. 4, 10).

In January 2020, Select Portfolio counterclaimed for a declaratory judgment voiding Williams's affidavit of adverse possession and quieting title in favor of Select Portfolio and the trustee. (Docket Entry No. 13 at 4). Select Portfolio alleged that Williams's affidavit of adverse possession is fraudulent and is a cloud on the title. (*Id.* at ¶¶ 12–13). Williams did not answer. In February 2020, Select Portfolio moved for summary judgment, (Docket Entry No. 14), and Williams did not respond.

## II.     The Legal Standard for Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,

3

783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted).

**III.    Analysis**

Select Portfolio argues that based on the records,[3] the rights to title and foreclosure reside with the trustee. While Williams did not answer the counterclaim, his state court petition asserts notice and redemption rights under the deed of trust. (Docket Entry No. 1-4 at ¶ 5–7). The record contradicts these allegations and shows that Williams is not a party to the deed. (Docket Entry Nos. 14-3, 14-4).

---

[3] Select Portfolio attached to its summary judgment motion records of the March 2019 judgment authorizing foreclosure, (Docket Entry Nos. 13-2, 14-6); Williams's affidavit of adverse possession, (Docket Entry No. 14-7); a declaration of Mark Syphus, Select Portfolio's Document Control Officer, (Docket Entry No. 14); the Texas Home Equity Note, (Docket Entry No. 14-2); the deed of trust, (Docket Entry No. 14-3); the assignment of the deed of trust from Doris Hicks to the trustee, (Docket Entry No. 14-4); and the power of attorney to Select Portfolio as mortgage servicer. (Docket Entry No. 14-5).

Under the Texas Civil Practice and Remedies Code, adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person" for a minimum statutory period. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 69 (Tex. 2011) (citing TEX. CIV. PRAC. & REM. CODE § 16.021(1) (1986)). "If done under color of title, the time period is three years; if the person pays taxes on the land and claims the property under a duly registered deed, the period is five years; otherwise the period is ten years." TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.024–026 (1986). The party claiming adverse possession has the burden of proving that the minimum statutory period is met. *Wilhoite v. Sims*, 401 S.W.3d 752, 763, 757 (Tex. App.—Dallas 2013, no pet.); *see also Tex. Capital Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 Tex. App. LEXIS 5331, at *2 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Warnecke v. Broad*, 138 Tex. 631, 161 S.W.2d 453 (1942)) ("The law is well-settled in Texas that, for adverse possession purposes, the statute of limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale."). Adverse possession must "not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) (citing *Satterwhite v. Rosser*, 61 Tex. 166, 171 (1884)).

Select Portfolio argues that Williams has not identified or submitted evidence creating a material factual dispute as to whether he was in continuous, visible possession of the property. (Docket Entry No. 14 at ¶ 23). Williams' self-serving affidavit is not enough to avoid summary judgment. (Docket Entry No. 14-1); *see Lamb*, 914 F.3d at 946 (quotation omitted) ("A party

5

cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Williams has not alleged or presented facts supporting an inference of an intent to adversely possess the property under § 16.021(1). "[A]dverse possession is not dependent on the possessor's intent to assert title hostile to a known true owner, but rather on the 'intent to claim the land.'" *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 72 (Tex. 2011) (quoting *Calfee v. Duke*, 544 S.W.2d 640, 642 (Tex. 1976)). The intent to claim the land must be continuously inconsistent with the owner's interests for the relevant statutory period. *BP Am. Prod. Co.*, 342 S.W.3d at 69.

Select Portfolio cites *Ebert v. Wells Fargo Bank N.A*, where the court found that "until the foreclosure, Plaintiff's possession of the Property was fully consistent with the interests claims under the Deed of Trust." No. A-13-CV-805-LY, 2014 WL 12872428, at *9 (W.D. Tex. Jan. 7, 2014) *report and recommendation adopted by* 1:13-CV-0805-LY, 2014 WL 12873088 (W.D. Tex. Mar. 4, 2014); *see also Guardado v. Deutsche Bank Nat'l Trust Co.*, EP-18-CV-368-DB, 2019 U.S. Dist. LEXIS 226137, at *14–15 (W.D. Tex. Aug. 30, 2019) (the plaintiff had not met the statutory period necessary to assert adverse possession because property foreclosure, which would trigger a cause of action, had not yet occurred). Because no foreclosure has occurred, Williams has not shown that his interests were continuously inconsistent and hostile to those of Select Portfolio, on behalf of the trustee, for the minimum statutory three-year period.

Because Williams has not pointed to evidence of continuous adverse possession under Texas Civil Practice and Remedies Code § 16.021, or to evidence that the three-year statutory period—the shortest applicable period under Texas law—has run, there is no factual dispute material to deciding adverse possession. Williams has not challenged Select Portfolio's competent

summary judgment evidence. Select Portfolio is entitled to summary judgment on its claims to quiet title and for declaratory relief.

## IV. Conclusion and Order

Select Portfolio's motion for summary judgment, (Docket Entry No. 14), is granted. Williams' affidavit of adverse possession of the property is void and of no effect. The title and lien rights to the property lie with Select Portfolio and the trustee. No later than July 31, 2020, Select Portfolio must file a proposed final judgment.

SIGNED on July 16, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge